IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

JAN 14 2020

Clerk, U.S District Court
District Of Montana
Missoula

KEITH JONES,

    Plaintiff,

vs.

BNSF RAILWAY COMPANY, a
Delaware corporation,

    Defendant.

CV 18–146–M–DLC

ORDER

Before the Court is Plaintiff Keith Jones's Request for Leave for Reconsideration of Court's January 13, 2020 Order. (Doc. 76.)

Jones asks the Court to reconsider its Order granting an extension for BNSF to identify a proper Rule 30(b)(6) deponent. He has attached to his motion the response brief he would have filed had the Court not ruled on the motion. (Doc. 76-1.) He alleges discovery abuses on the part of Defendant BNSF Railway Company, and he asks for the Court to either: (1) deny the motion for a continuance and hold a hearing to sanction BNSF for discovery misconduct; or (2) reset the trials in two other proceedings. The Court will do neither.

As to the Order granting BNSF's motion for a continuance, the Court merely gave the parties additional time to come to an agreement. Jones should direct his

-1-

requests to BNSF, not to the Court. Given the parameters of the Court's earlier discovery order, particularly when read in conjunction with Judge Johnston's discovery orders in *Brewer v. BNSF*, CV 14-65-GF-BMM-JTJ, the parties have the direction that they need to complete discovery and prepare for trial. Further, Jones's response brief is not directed to the relief sought by BNSF in its motion for a continuance but instead toward a wholly separate (if familiar) issue—Jones's perception of BNSF's pattern of discovery misconduct.

As for the request to continue trial in *Vasquez* and *Voelker*, a two-week extension for a relatively narrow deposition should have no major effect on the parties' ability to prepare for trial in those cases. Everything that has occurred was foreseeable at the time that trial was scheduled, and any scheduling difficulties are attributable to the parties. Continuing trial in those matters would delay the efficient administration of justice for many other litigants who appear before this Court.

In any event, if Jones seeks additional relief including sanctions and continuances, he must file separate motions. That said, the parties would do well to use their resources wisely and avoid wasting time on endless discovery disputes.

After considering Jones's motion to reconsider and supporting exhibits, the Court is unconvinced that it erred in its Order of January 13, 2020. It is similarly unconvinced that compelling circumstances distinguish the present case from

*Brewer* on the issue presented. The parties shall work together to narrow the field of comparators, and they shall do so before January 24, 2020. This means that BNSF shall conduct searches to limit the field of appropriate comparators, taking into account Jones's input regarding what such limitations should be.

The motion for reconsideration (Doc. 76) is DENIED.

DATED this 14th day of January, 2020.

*[signature]*
Dana L. Christensen, Chief District Judge
United States District Court